**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff-Respondent, ) <br> ) <br> v. ) <br> ) <br> EDUARDO RAMIREZ, ) <br> ) <br> Defendant-Petitioner. ) <br> ) <br> ) | Case No. 17-cv-5749 <br><br> Judge Robert M. Dow, Jr. |

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on Petitioner Eduardo Ramirez's motions to vacate sentence pursuant to 28 U.S.C. § 2255 [1; 3].[1] For the reasons set forth below, the Court denies Petitioner's § 2255 motion [1; 3] and declines to issue a certificate of appealability.

**I.     Background**

On May 1, 2015, Petitioner pled guilty to one count of possessing with the intent to distribute 1,000 grams or more of mixtures and substances containing heroin, in violation of 21 U.S.C. § 846. Because Petitioner was cooperating with the Government, the Government recommended a term of imprisonment of 90 percent of the low end of the applicable guideline range. As part of Petitioner's plea agreement, Petitioner waived his right to collaterally attack his conviction and sentence, except in limited circumstances. Paragraph 18(b) of Petitioner's plea agreement reads in relevant part:

> In addition, if the government makes a motion at sentencing for a downward departure pursuant to Guideline § 5K1.1, defendant also waives his right to

---

[1] In addition to filing an initial motion to vacate sentence pursuant to 28 U.S.C. § 2255 on August 8, 2017 in case No. 17-cv-5749 [1], Petitioner filed what appears to be the exact same motion in the same case on the same day [3]. For the sake of clarity, the Court is disposing of both motions here. However, the Court will simply reference one singular § 2255 motion throughout this opinion.

>challenge his conviction and sentence, and the manner in which the sentence was determined, in any collateral attack or future challenge, including but not limited to a motion brought under Title 28, United States Code, Section 2255. The waiver in this paragraph does not apply to a claim of involuntariness or ineffective assistance of counsel, nor does it prohibit defendant from seeking a reduction of sentence based directly on a change in the law that is applicable to defendant and that, prior to the filing of defendant's request for relief, has been expressly made retroactive by an Act of Congress, the Supreme Court, or the United States Sentencing Commission.

[*United States v. Ramirez*, Case No. 11-cr-808, 68, at 13-14.]

One of the disputed issues at sentencing was whether Petitioner's guidelines range should be increased pursuant to the career offender enhancement. Petitioner had several prior convictions at the time of his sentencing, including a conviction for delivery of a controlled substance and a conviction for one count of residential burglary and four counts of aggravated battery. After the parties briefed the issue, the Court determined that Petitioner was subject to the career offender enhancement, resulting in a guideline range of 262 to 327 months. Specifically, the Court found that Petitioner's conviction for delivery of a controlled substance was a controlled substance offence—a conclusion that went uncontested by Petitioner—establishing one predicate offense for the application of the career offender enhancement. The Court further concluded that residential burglary and aggravated battery under Illinois law were both crimes of violence, establishing a second predicate offense for the application of the career offender enhancement.[2] The Court then imposed a sentence of 156 months in the custody of the Bureau of Prisons, five-years of supervised release, and a special assessment of $100.

On June 23, 2017, Petitioner filed a motion to vacate sentence pursuant to 28 U.S.C. § 2255 in his criminal case. [*United States v. Ramirez*, Case No. 11-cr-808, 91.] Petitioner then filed a

---

[2] Because Petitioner was charged with residential burglary and aggravated battery in the same charging instrument, Petitioner's conviction of these crimes counts as one predicate offense for the purposes of the career offender enhancement. USSG. § 4A1.2(a)(2).

civil case using the same motion filed in his criminal case [*United States v. Ramirez*, Case No. 17-cv-5749, 1]. Petitioner filed the same motion a second time in the same civil case [3]. Given that Petitioner filed a civil case, the Court struck Petitioner's motion in his criminal case as moot. [*United States v. Ramirez*, Case No. 11-cr-808, 92.]

Pending before the Court is the motion to vacate sentence pursuant to 28 U.S.C. § 2255 filed in Petitioner's civil case No. 17-cv-5749. Petitioner argues that he should be resentenced in light of the Supreme Court's decision in *Mathis v. United States*, which held that a "state crime cannot qualify as [a predicate offense] if its elements are broader than those of a listed generic offense."[3] 136 S. Ct. 2243, 2251 (2016). Specifically, Petitioner argues that his conviction for distribution of a controlled substance and his conviction for residential burglary, "when viewed through the lens of *Mathis*, would not be considered" a crime of violence or a controlled substance offense "for the purposes of applying the career offender guideline in [Petitioner's] case."[4] [1, at 4; 3, at 4.]

## II. Legal Standard

The Seventh Circuit has stressed that "relief under § 2255 is an extraordinary remedy because it asks the district court essentially to reopen the criminal process to a person who already has had an opportunity for full process." *Almonacid v. United States*, 476 F.3d 518, 521 (7th Cir. 2007). Under § 2255, relief "is available only when the 'sentence was imposed in violation of the Constitution or laws of the United States,' the court lacked jurisdiction, the sentence was greater

---

[3] "Although *Mathis* was an Armed Career Criminal Act case, courts have observed that the approaches used to apply the career-offender enhancement and the Armed Career Criminal Act are similar and thus that *Mathis* is controlling in a Guidelines case." *United States v. Montez*, 858 F.3d 1085, 1092 n.3 (7th Cir. 2017) (citing *United States v. Hinkle*, 832 F.3d 569, 574 (5th Cir. 2016)).

[4] Petitioner also argues that his conviction for armed violence should not be considered a crime of violence. However, at sentencing, the Court did not find that Petitioner's armed violence conviction was a crime of violence and therefore did not count Petitioner's conviction for armed violence as a predicate offense for applying the career offender enhancement.

3

than the maximum authorized by law, or it is otherwise subject to collateral attack." *Torzala v. United States*, 545 F.3d 517, 521 (7th Cir. 2008) (quoting 28 U.S.C. § 2255). A § 2255 motion is not a substitute for a direct criminal appeal. See *Varela v. United States*, 481 F.3d 932, 935 (7th Cir. 2007) (stating that a § 2255 motion is "neither a recapitulation of nor a substitute for a direct appeal").

## III. Analysis

The Government argues that the Court need not address the merits of Petitioner's § 2255 motion, because it is both untimely and barred by the express terms of his plea agreement. The Court agrees. See *Cooper v. United States*, 199 F.3d 898 (7th Cir. 1999) (declining to address the merits of a time-barred § 2255 motion); *Lo v. Endicott*, 506 F.3d 572, 576 (7th Cir. 2007) ("Because we find [the] petition for habeas review is time-barred, we need not address the merits of the alleged due process violation."); *Mason v. United States*, 211 F.3d 1065, 1069–70 (7th Cir. 2000) (concluding that it was unnecessary to address the merits of claim based on the court's holding that petitioner "waived his right to bring such a claim based on the enforceable terms of his plea agreement").

However, for the sake of completeness, the Court also addresses the merits of Petitioner's arguments and finds that Petitioner would not be entitled to relief even if his claim were not untimely and barred by the terms of his plea agreement. *Estremera v. United States*, 724 F.3d 773, 775 (7th Cir. 2013) (federal statutes of limitations do not affect the court's subject matter jurisdiction, and district courts are free to address non-jurisdictional reasons for rejecting a suit or claim as they see fit); *Mason v. United States*, 211 F.3d 1065, 1070 (7th Cir. 2000) (briefly discussing merits of petitioner's argument after determining that argument was waived by plea agreement).

### A. Timeliness of § 2255 Motion

The Government argues that Petitioner's motion should be denied as time-barred. Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a § 2255 motion must be filed within one year of:

(1) the date on which the judgment of conviction became final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f)(1)-(4). Petitioner filed his § 2255 motion more than a year after his conviction became final, making it untimely under § 2255(f)(1). He does not identify a government-created impediment to filing. Nor does he identify additional facts supporting the claim. Thus, in order for the § 2255 motion to be timely, Plaintiff must show that it was filed within a year of "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." 28 U.S.C. § 2255(f)(3).

"[A] case announces a new rule if the result was not dictated by precedent existing at the time the defendant's conviction became final." *Teague v. Lane*, 489 U.S. 288, 301 (1989). Here, the Supreme Court explicitly stated in *Mathis* that it was not announcing a new rule and that its decision was dictated by decades of precedent:

> For more than 25 years, we have repeatedly made clear that application of ACCA involves, and involves only, comparing elements. Courts must ask whether the

5

> crime of conviction is the same as, or narrower than, the relevant generic offense. They may not ask whether the defendant's conduct—his particular means of committing the crime—falls within the generic definition. And that rule does not change when a statute happens to list possible alternative means of commission: Whether or not made explicit, they remain what they ever were—just the facts, which ACCA (so we have held, over and over) does not care about.

136 S. Ct. at 2257. Thus, *Mathis* did not announce a new rule. *Holt v. United States*, 843 F.3d 720, 722 (7th Cir. 2016); see also *Yates v. United States*, 842 F.3d 1051, 1052 (2017) (describing *Mathis* as a successor to *Taylor v. United States*, 495 U.S. 575 (1990), and *Descamps v. United States*, 570 U.S. 254 (2013)); *United States v. Taylor*, 672 F. App'x 860, 864 (10th Cir. 2016) (holding petitioner could not rely on *Mathis* to establish the timeliness of his motion under 28 U.S.C. § 2255(f)(3), because *Mathis* did not announce a new rule); *Hanson v. United States*, 2017 WL 3267952, at *4 (S.D. Ill. Aug. 1, 2017) ("The Court is hard-pressed to see how *Mathis'* reiteration of the rule *Taylor* announced in 1990 could constitute initial recognition of a right."); *Dimott v. United States*, 2016 WL 6068114, at *3 (D. Me. Oct. 14, 2016) ("*Mathis* has not been recognized as a case that announced a new substantive rule that is retroactively applicable to cases on collateral review."); *Blackwell v. United States*, 2016 WL 5849384, at *5 (W.D. Va. Oct. 6, 2016) ("By the Court's own admission, *Mathis* does not set a new rule."). Because *Mathis* did not announce a new rule, Petitioner cannot rely on *Mathis* to establish the timelines of his motion under 28 U.S.C. § 2255(f)(3).[5] Thus, Petitioner's § 2255 motion is untimely.

---

[5] The Government also argues that even if *Mathis* had announced a new rule, Petitioner's motion would still be time-barred under 28 U.S.C. § 2255(f)(3), because his motion in his civil case was filed more than a year after the Supreme Court issued its ruling in *Mathis*. [6, at 6.] The Court notes, however, that Petitioner filed his § 2255 motion in his criminal case—which the Court struck as moot—within a year of the *Mathis* decision. [*United States v. Ramirez*, Case No. 11-cr-808, 91.] Since the Court finds that *Mathis* does not announce a new rule, the Court need not consider how Petitioner's filing in his criminal case affects the Government's timeliness argument in that respect.

## B. Terms of Plea Agreement

The Government also argues that Petitioner's claim is barred by the terms of his plea agreement. "Disputes over plea agreements are usefully viewed through the lens of contract law." *United States v. Bownes*, 405 F.3d 634, 636 (7th Cir. 2005) (collecting cases). "In a contract (and equally in a plea agreement) one binds oneself to do something that someone else wants, in exchange for some benefit to oneself. By binding oneself one assumes the risk of future changes in circumstances in light of which one's bargain may prove to have been a bad one." *United States v. Bownes*, 405 F.3d 634, 636 (7th Cir. 2005). Here, Paragraph 18(b) of Petitioner's plea agreement reads in relevant part:

> In addition, if the government makes a motion at sentencing for a downward departure pursuant to Guideline § 5K1.1, defendant also waives his right to challenge his conviction and sentence, and the manner in which the sentence was determined, in any collateral attack or future challenge, including but not limited to a motion brought under Title 28, United States Code, Section 2255. The waiver in this paragraph does not apply to a claim of involuntariness or ineffective assistance of counsel, nor does it prohibit defendant from seeking a reduction of sentence based directly on a change in the law that is applicable to defendant and that, prior to the filing of defendant's request for relief, *has been expressly made retroactive by an Act of Congress, the Supreme Court, or the United States Sentencing Commission*.

[*United States v. Ramirez*, Case No. 11-cr-808, 68, at 13-14 (emphasis added).] Petitioner argues that *Mathis* represents the kind of change in law envisioned by the exception in his plea agreement. But *Mathis* has not "been expressly made retroactive by an Act of Congress, the Supreme Court, or the United States Sentencing Commission." Although the Seventh Circuit has indicated that *Mathis* could be raised in an initial collateral attack, the Seventh Circuit has also recognized that "*Mathis* has not been declared retroactive by the Supreme Court." *Holt*, 843 F.3d at 722. Because *Mathis* has not been "expressly made retroactive by * * * the Supreme Court," the plain terms of the plea agreement foreclose Petitioner from challenging his sentence based on *Mathis*.

*United States v. Vela*, 740 F.3d 1150, 1154 (7th Cir. 2014) (holding that the "plain terms" of a plea agreement with identical language precluded petitioner from challenging sentence based on a Supreme Court decision not expressly made retroactive).[6] Thus, Petitioner's § 2255 motion is barred by his voluntary plea agreement entered into with the assistance of counsel.

### C. Career Offender Guideline

In addition to being untimely and barred by the terms of the plea agreement, Petitioner's claim is meritless. *Mathis* does nothing to change the fact that Petitioner was convicted of a crime of violence and a controlled substance offense—establishing two predicate offenses for the application of the career offender enhancement. "The career offender enhancement applies to any defendant who is at least eighteen years old at the time he committed the offense of conviction, whose offense of conviction is a 'crime of violence or a controlled substance offense,' and who has at least two prior felony convictions of either a crime of violence or a controlled substance offense—i.e., two predicate offenses." *United States v. Womack*, 610 F.3d 427, 430 (7th Cir. 2010) (citing USSG. § 4B1.1(a)).

Even through the lens of *Mathis*, Petitioner had been convicted of at least two predicate offenses sufficient to trigger the application of the career offender enhancement: (1) Petitioner's conviction for distribution of a controlled substance, and (2) Petitioner's conviction for residential burglary and aggravated battery.

#### 1. Distribution of a Controlled Substance Conviction

Petitioner argues that his conviction for distribution of a controlled substance does not constitute a controlled substance offense under *Mathis*. A "controlled substance offense" is

---

[6] In *United States v. Vela*, the Seventh Circuit also noted that the relevant Supreme Court decision was not the kind of ruling that would be made applicable retroactively. 740 F.3d at 1154. Still, the decision was based on the plain terms of the plea agreement, which only allowed the petitioner to appeal his conviction based on a change in the law that was "expressly made retroactive by * * * the Supreme Court." *Id.*

8

defined as "an offense under federal or state law, punishable by imprisonment for a term exceeding one year, that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance (or a counterfeit substance) or the possession of a controlled substance (or a counterfeit substance) with intent to manufacture, import, export, distribute, or dispense." USSG §4B1.2.

Petitioner argues that the crime of distribution of a controlled substance under Illinois law is broader than the guidelines definition of a controlled substance offense, but does not explain why. Instead, Petitioner argues that the crime of distribution of a controlled substance under Illinois law is as indivisible and overbroad as the crime of delivery of a controlled substance under Texas law, which the Fifth Circuit held does not constitute a "controlled substance offense" under the guidelines. *United States v. Hinkle*, 832 F.3d 569 (5th Cir. 2016). In *Hinkle*, the Fifth Circuit found that the elements of the Texas crime of delivery of a controlled substance did not match the guidelines definition of a "controlled substance offence" because it is unlawful in Texas to simply "offer" a controlled substance for sale, in addition to it being unlawful to manufacture, import, export, distribute, or dispense a controlled substance. 832 F.3d 569 (5th Cir. 2016). Because the Texas statute is broader than the Illinois statute, however, Petitioner's reliance on *Hinkle* fails.

Unlike the Texas statute, the Illinois statute does not make it illegal to merely "offer" a controlled substance. The Illinois Controlled Substances Act under which Petitioner was convicted prohibits "any person knowingly to manufacture or deliver, or possess with intent to manufacture or deliver a controlled or counterfeit substance or controlled substance analog." 720 ILCS 570/401 (1992) (formerly IL ST CH 56 1/2 ¶ 1401). This statute defines "delivery" as "the actual, constructive, or attempted transfer or possession of a controlled substance, with or without consideration, whether or not there is an agency relationship." 720 ILCS 570/102(h) (formerly IL ST CH 56 1/2 ¶ 1102). After this motion was fully briefed, the Seventh Circuit held that this

9

definition of "delivery" under the relevant provision of the Illinois Controlled Substance Act lines up with the guidelines definition of a controlled substance offense. *United States v. Redden*, 875 F.3d 374 (7th Cir. 2017) ("Any conduct meeting the state's definition of 'delivery' comes within § 4B1.2(b) because 'transfer' is just another word for distribute or dispense."). Petitioner's conviction for distribution of a controlled substance therefore is a "controlled substance offense" under the guidelines—establishing one predicate offense for the application of the career offender enhancement.

### 2. Residential Burglary and Aggravated Battery Conviction

Petitioner also argues that his conviction for residential burglary was not a crime of violence. Even if his conviction for residential burglary does not constitute a crime of violence under *Mathis*, Petitioner does not argue that his conviction for aggravated battery does not constitute a crime of violence. Thus, Petitioner's conviction for aggravated battery would still establish a second predicate offense for the application of the career offender enhancement.

In fact, Petitioner's conviction under the Illinois residential burglary statute does constitute a crime of violence, even after *Mathis*. Under *Mathis*, "a crime counts as crime of violence 'if its elements are the same as, or narrower than'" the generic offense. *United States v. Montez*, 858 F.3d 1085, 1092 (7th Cir. 2017) (quoting *Mathis v. United* States, 136 S.Ct. 2243, 2248 (2016)). The Illinois residential burglary statute under which Petitioner was convicted read, a "person commits residential burglary who knowingly and without authority enters the dwelling place of another with the intent to commit therein a felony or theft." 720 ILCS 5/19-3(a) (1993) (formerly IL ST CH 38 ¶ 19-3). The Illinois Supreme Court has found that the term "dwelling place" as used in Illinois' residential burglary statute refers to a "structure." *People v. Bales*, 483 N.E.2d 517, 521 (Ill. 1985). In *Taylor v. United States*, the Supreme Court defined the generic offense of

burglary as "an unlawful or unprivileged entry into, or remaining in, a building or other structure, with intent to commit a crime." 495 U.S. 575, 598 (1990). The elements of Illinois' residential burglary statute line up with the elements of the generic offense of burglary as defined by the Supreme Court in *Taylor*. *Dawkins v. United States*, 809 F.3d 953, 954 (7th Cir. 2016) (holding that Illinois' residential burglary statute matches the generic definition of burglary set forth in *Taylor*); see also *Shields v. United States*, 885 F.3d 1020, 1023 (7th Cir. 2018) (holding that a conviction under Illinois' residential burglary statute was a predicate offense under the ACCA, as the elements of the crime were not broader than the generic offense of burglary). Thus, Petitioner's conviction for residential burglary still is considered a crime of violence even after *Mathis*. *United States v. McClain*, 672 F. App'x 591, 592 (7th Cir. 2016) (holding—after the *Mathis* decision—that Illinois' residential burglary statute matches the generic definition of burglary set forth in *Taylor*); *Shields v. United States*, 2017 WL 1196830, at *5 (N.D. Ill. Mar. 31, 2017) (same).

The cases relied upon by Petitioner to argue that Illinois' residential burglary statute does not constitute a crime of violence involve burglary statutes that do not line up with the generic offense of burglary as defined in *Taylor* and therefore are irrelevant here. *United States v. Haney*, 840 F.3d 472, 475 (7th Cir. 2016) (addressing the Illinois burglary statute, not Illinois *residential* burglary statute); *United States v. Edwards*, 836 F.3d 831, 836 (7th Cir. 2016) (addressing Wisconsin's burglary statute, which covered "a greater swath of conduct" than the generic offense of burglary); *United States v. Thorne*, 837 F.3d 888, 889 (8th Cir. 2016) (addressing Florida's burglary statute, which encompassed entry onto the curtilage of a building); *United States v. White*, 836 F.3d 437, 445 (4th Cir. 2016) (addressing West Virginia's burglary statute, which encompassed "conduct that is excluded from the definition of generic burglary").

Thus, nothing in *Mathis* changes the conclusion that Petitioner was convicted a felony crime of violence offense and a felony controlled substance offense, establishing two predicate offenses for the application of the career offender enhancement.

## IV. Certificate of Appealability

Under Rule 11(a) of the Rules Governing § 2255 Proceedings, the "district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Accordingly, the Court must determine whether to grant Petitioner a certificate of appealability pursuant to 28 U.S.C. § 2253(c)(2).

A habeas petitioner does not have an absolute right to appeal a district court's denial of his habeas motion; instead, he must first request a certificate of appealability. See *Miller-El v. Cockrell*, 537 U.S. 322, 335 (2003); *Sandoval v. United States*, 574 F.3d 847, 852 (7th Cir. 2009). A habeas petitioner is entitled to a certificate of appealability only if he can make a substantial showing of the denial of a constitutional right. *Miller-El*, 537 U.S. at 336; *Evans v. Circuit Court of Cook Cnty., Ill.*, 569 F.3d 665, 667 (7th Cir. 2009). Under this standard, Petitioner must demonstrate that reasonable jurists would find the Court's assessment of his § 2255 motion debatable or wrong. *Miller-El*, 537 U.S. at 336; *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Similarly, when a § 2255 motion is dismissed as untimely, a certificate of appealability should issue only if reasonable jurists would find the motion's timeliness "debatable." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) ("Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further. In such a circumstance, no appeal would be warranted.").

In view of the analysis set forth above, the Court concludes that Petitioner has not made a substantial showing that reasonable jurists would differ regarding the timeliness of his motion or the merits of his claim. Petitioner's claim are untimely, barred by the terms of his plea agreement, and without merit, and further review is not warranted. Thus, the Court declines to certify any issues for appeal pursuant to 28 U.S.C. § 2253(c)(2).

**V.     Conclusion**

For the reasons stated above, Petitioner's § 2255 motions [1;3] are denied. The Court declines to certify any issue for appeal pursuant to 28 U.S.C. § 2253(c)(2) and directs the Clerk to enter judgment in favor of the United States.


Dated: May 14, 2018

_____
Robert M. Dow, Jr.
United States District Judge